IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**ANDRA WAGNER**, an individual,

        Plaintiff,

  vs.

**THE HOME DEPOT USA, INC.**, a Delaware
corporation,

        Defendant.

Civil Case No. 10-901-KI

OPINION AND ORDER


    David H. Griggs
    Dolan Griggs LLP
    1130 SW Morrison, Suite 630
    Portland, Oregon  97205

        Attorney for Plaintiff

    Sharon Bolesky
    Lane Powell PC
    601 SW Second Avenue, Suite 2100
    Portland, Oregon  97204-3158

D. Michael Reilly
Lane Powell PC
1420 Fifth Avenue, Suite 4100
Seattle, Washington  98101-2338

       Attorneys for Defendant

KING, Judge:

Plaintiff Andra Wagner was laid off just over a month after being hired by defendant The

Home Depot USA, Inc. ("Home Depot"), in spite of the fact that she allegedly attempted to

ensure that the job was a long-term, secure employment opportunity.  Wagner alleges claims for

intentional misrepresentation, also known as fraud, and negligent misrepresentation.  Before the

court is Defendant's Motion to Dismiss (#5) for failure to state a claim under Federal Rule of

Civil Procedure 12(b)(6).  For the reasons below, I grant the motion but allow Wagner to amend

her complaint.

## ALLEGED FACTS

Wagner alleges the following:

A Home Depot recruiter, Nicole Hightower, contacted Wagner on November 23, 2009

about interviewing to be Human Resources Manager at the District Headquarters office in

Tigard, Oregon.  Wagner interviewed with Kaileb Hahmeyer, the Asset Protection Manager, and

Shelley Erickson, Regional Manager of Associate Relations.  During that interview, Wagner

stated her need to ensure the position was secure, saying she was looking for a potential long-

term opportunity because she currently held a secure job.  Erickson assured Wagner that the

position was secure, Home Depot was secure, and Home Depot had not closed any stores or had

any layoffs.

Page 2 - OPINION AND ORDER

Wagner then interviewed with Mike Leith, District Human Resources Manager, along with Erickson. Wagner again expressed her desire for long-term employment, repeating that she had a stable position with a good organization, and that she did not want to search for employment again in a few months because she did not want to be viewed as a job-hopper. Leith and Erickson told Wagner that they were looking for a person who could be in the position long-term.

Wagner then interviewed with Alisa Grandy, Regional Director of Human Resources. Grandy gave no indication that the position would be temporary or short term.

On December 7, 2009, Hightower offered Wagner the job and, in response to Wagner's concerns about leaving a stable job, reassured Wagner that the position was stable and she would have an opportunity for a promotion after a year.

Wagner accepted the job from Leith on December 8, 2009. Leith asked Wagner to begin as soon as she could. Wagner sensed Leith's urgency and gave her current employer less than a two-week notice. Wagner began working on December 21, 2009 and received positive feedback.

On January 25, 2010, Wagner received notice that her position was being eliminated nationwide in a massive layoff. Leith apologized for recruiting Wagner and asked if she would be able to get her old job back.

### LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) will be granted if plaintiff fails to allege the "grounds" of his "entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007) (quotation omitted). The Court elaborated on Twombly in Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937 (2009):

Page 3 - OPINION AND ORDER

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id., at 570, 127 S. Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556, 127 S. Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id., at 557, 127 S. Ct. 1955 (brackets omitted).

Id. at 1949 (quoting Twombly). The court should not accept as true allegations which are legal conclusions. Id. at 1949-50.

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 1950.

**DISCUSSION**

I.     Negligent Misrepresentation

Home Depot moves to dismiss Wagner's negligent misrepresentation claim because, as an employee, Wagner cannot establish that she was in a special relationship with her employer. More specifically, Home Depot contends that Wagner cannot establish she gave Home Depot the responsibility of looking out for her interests when negotiating potential employment.

Wagner argues that Home Depot had a duty to protect her against economic loss because it was acting in part to further her economic interests. She claims that her interests are not completely divergent from the interests of Home Depot and notes that Home Depot contacted her

first about the position and expressed urgency about starting as soon as she could.  Wagner urges

the court to follow other jurisdictions that have adopted the definition of negligent

misrepresentation in the Restatement (Second) Torts § 552 (1977) and which recognize a cause of

action by an employee against an employer.  Oregon, however,  is "develop[ing] the scope of the

duty and the scope of recovery on a case-by-case basis."  Onita Pac. Corp. v. Tr. of Bronson, 315

Or. 149, 159, 843 P.2d 890 (1992) (although § 552 is "close to the mark," the court declines to

adopt a black letter rule).

> [I]n Oregon, the tort of negligent misrepresentation requires that one party in a
> relationship owe a duty "beyond the common law duty to exercise reasonable care
> to prevent foreseeable harm" to the other party.  Onita, 315 Or. at 159.  Under
> Onita, that kind of heightened duty arises when one party is acting, at least in part,
> to further the economic interest of the other party.  Id. at 161.  In other words, for
> the duty to avoid making negligent misrepresentations to arise, the parties must be
> in a "special relationship," in which the party sought to be held liable had some
> obligation to pursue the interests of the other party.
>
> . . . .
>
> . . . This is so [a special relationship exists] because the party who is owed the duty
> effectively has authorized the party who owes the duty to exercise independent
> judgment in the former party's behalf and in the former party's interests.  In doing
> so, the party who is owed the duty is placed in a position of reliance upon the party
> who owes the duty; that is, because the former has given responsibility and control
> over the situation at issue to the latter, the former has a right to rely upon the latter
> to achieve a desired outcome or resolution.

Conway v. Pac. Univ., 324 Or. 231, 239-40, 924 P.2d 818 (1996).  The court noted a special

relationship exists between various professionals and their clients–including lawyers, physicians,

engineers, and architects–as well as in relationships formed by principals, trustees, pledgees,

insurers, shippers, and bailors.  Id.  The court concluded that Conway, a university professor with

a one-year term appointment at the defendant university, did not have a special relationship with

the university when the two negotiated to place Conway in a tenure-track position.  The court

reasoned that even though the two were not in a fully arm's-length relationship because of the

one-year employment contract, each party was acting in its own behalf to negotiate the new

contract.  Thus, the university did not have a special responsibility toward Conway to exercise

independent judgment on his behalf or to take care of his affairs.  Id. at 241-42.

Wagner's situation is less like a special relationship than Conway's because Wagner did

not even have an employment relationship when Home Depot managers made the statements to

her.  Under Oregon law, Wagner did not have the special relationship with Home Depot required

to support the tort of negligent misrepresentation.  I dismiss the claim.

II.     Fraud

Home Depot argues that Wagner cannot establish a fraud claim as an at-will employee

because she cannot justifiably rely on a promise of indefinite employment.  Wagner argues that

she justifiably relied on statements by Home Depot managers because she took reasonable

precautions to safeguard her interest in stable employment by asking numerous questions about

the issue.

Contrary to Home Depot's argument, employment-at-will does not defeat an action for

fraud in the inducement of a contract if the plaintiff allegedly relied on representations about the

future growth of the company.  "Plaintiffs were not relying on representations as to the duration of

their employment.  Plaintiffs accepted at-will employment, but they accepted at-will employment

with a company that represented its Eugene facility as growing while failing to disclose and/or

concealing that it was closing." Meade v. Cedarapids, Inc., 164 F.3d 1218, 1223 (9th Cir. 1999)

(Oregon law).

Page 6 - OPINION AND ORDER

Home Depot also contends that Wagner merely alleges unfulfilled promises to act in the future, which are not actionable in fraud. It claims that Wagner has not alleged any facts which would show that Home Depot knew, or had reckless disregard for, the fact that layoffs of her position were forthcoming.

Wagner contends that Home Depot committed fraud by failing to disclose a material contingency, namely, that her position might be eliminated nationwide. Wagner relies on Meade and Elizaga v. Kaiser Found. Hosp., Inc., 259 Or. 542, 487 P.2d 870 (1971), to argue that it is irrelevant if Home Depot's management did not know about the forthcoming layoffs and innocently misrepresented facts. According to Wagner, a fraud claim can be stated if defendant made a promise it knew it probably could not perform or, alternatively, made a promise with reckless disregard as to whether it could or could not perform.

To prevail on a fraud claim, a plaintiff must prove by clear and convincing evidence:

(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; (9) and his consequent and proximate injury.

Wieber v. FedEx Ground Package Sys., Inc., 231 Or. App. 469, 480, 220 P.3d 68 (2009) (internal quotation omitted). Nondisclosure of material facts can be a form of misrepresentation if the defendant made representations which would be misleading without full disclosure. Elizaga, 259 Or. at 546.

"'A failure to perform a promise is not a basis for an action for fraud. Making a promise, however, with the knowledge that it probably cannot be performed or with reckless disregard

Page 7 - OPINION AND ORDER

whether the promissor can or cannot perform can be the basis for an action of fraud.'" Strawn v.

Farmers Ins. Co., 228 Or. App. 454, 469, 209 P.3d 357 (2009) (quoting Elizaga, 259 Or. at 548).

Neither Meade nor Elizaga save Wagner's fraud claim as currently alleged.  In Elizaga, the

defendant hospital offered the plaintiff a preceptorship to begin on July 1, 1969, even though the

hospital had been receiving extensions of its preceptorship program for several years and had

received a final extension given with indications that the preceptorship would definitely end as of

June 30, 1969.  Elizaga, 259 Or. at 545-46.  The court affirmed a verdict for plaintiff after holding

that a jury could conclude:  (1) defendant offered the job when it knew the preceptorship probably

would not be renewed; and (2) the misrepresentation from the failure to disclose was done in

reckless disregard of the fact that the plaintiff was being misled.  Id. at 548.

Meade is similar in that prior to making several job offers for its Eugene facility, the

defendant corporation had a plan in place which could have resulted in closing that plant,

depending on several contingencies.  The personnel who made statements during the job

interviews about the positive future growth and stability of the company were unaware of the

closure plan.  Meade, 164 F.3d at 1220-21.  The court held a jury could find that the corporation's

agents made false representations during the interviews, even though they did now know of the

closure plan:  "a principal who deliberately withholds material facts from his agent in order that

the agent may innocently misrepresent the facts is guilty of fraud if the agent does in fact make

such a misrepresentation and it is relied on by the third party."  Id. at 1222 (internal quotation

omitted).

In contrast to Meade and Elizaga, Wagner alleges no knowledge of the upcoming national

layoff on the part of either the people who spoke to her during the interview process or managers

Page 8 - OPINION AND ORDER

higher up in the corporation.  Absent such allegations, Wagner only complains of a failure to keep a future promise, not a fraudulent statement.  Thus, Wagner's fraud claim lacks facial plausibility under Iqbal.  129 S. Ct. at 1949 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Accordingly, I dismiss the fraud claim.

III.    Amending the Complaint

Wagner asks for leave to amend her complaint if I dismiss her claims.  Home Depot asks me to deny the request to amend the complaint because there are no underlying facts Wagner could allege to support claims for fraud or negligent misrepresentation.

A court may deny leave to amend when any proposed amendment would be futile. AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006).  Although it is questionable that Wagner can alleges facts concerning the special relationship required for her claim of negligent misrepresentation, I will allow her to amend this claim if she is aware of such facts.  I also will allow her to amend her claim for fraud to add allegations concerning Home Depot's knowledge of the upcoming national layoff, if she is aware of facts to support the allegations.

///


///


Page 9 - OPINION AND ORDER

## CONCLUSION

Defendant's Motion to Dismiss (#5) is granted; I dismiss the Complaint.  Wagner may file

an Amended Complaint by December 10, 2010 or I will dismiss this action with prejudice.

IT IS SO ORDERED.

Dated this _____9th_____ day of November, 2010.


_____/s/ Garr M. King_____
Garr M. King
United States District Judge

Page 10 - OPINION AND ORDER